UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMMA GUNTER,

        Plaintiff,

    - against -

LONG ISLAND POWER AUTHORITY/KEYSPAN,

        Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
08-CV-00498 (RRM) (LB)

MAUSKOPF, United States District Judge.

    Plaintiff Emma Gunter, appearing pro se, has filed suit against the Long Island Power Authority/Keyspan ("LIPA")[1] alleging, inter alia, violations of the Fair Debt Collection Practices Act, 15 USC §§ 1692 et seq., and the Fair Credit Billing Act, 15 USC §§ 1601 et seq. Before the court is plaintiff's request for a preliminary injunction in connection with LIPA's termination of electrical service to a property purportedly owned by plaintiff and defendant's related debt collection efforts. For the reasons stated below, plaintiff's request for injunctive relief is denied.

    Plaintiff's claims arise in connection with LIPA's termination of electrical service to the premises located at 21 Howard Street, Rockville Centre, New York ("the premises") in late 2007. Plaintiff alleges, among other things, that LIPA improperly terminated the electrical service to the premises due to a debt that plaintiff claimed is owed to LIPA by her ex-husband, in whose name the electric account was held; that, in 2006 and 2007, she and a tenant of the premises had been improperly pursued in connection with the debt; and that LIPA has refused and continues to

---

[1] While plaintiff names Long Island Power Authority/KeySpan as the defendant in this action, defendant has indicated that the entity's proper name is Long Island Lighting Company d/b/a LIPA.

1

refuse to restore electrical service in either her name or in the name of the tenant until the debt is paid.

Plaintiff contends that the termination and continued denial of electric service to the premises has rendered the premises uninhabitable, causing the tenant occupants to move out and a loss of rental income, has caused property damage, including broken pipes, and has prevented plaintiff from rendering the premises habitable and income-producing. In her moving papers, plaintiff acknowledges that the premises are currently unoccupied, and that the efforts to collect the debt purportedly owed to LIPA – which included numerous visits by LIPA (and possibly other parties) seeking to collect the debt, posting of collection notices to the premises, and notifying a contractor of plaintiff's alleged delinquency in an effort to encourage the contractor to not perform work for plaintiff – occurred in 2006 and 2007.

Plaintiff now seeks a preliminary injunction to require LIPA to: (1) re-establish utility service to the premises; (2) "refrain from harassing [and] threatening" the occupants of 21 Howard Street; (3) "cease and desist illegal debt collection" from the property's occupants; (4) "cease and desist" posting "[d]elinquent notices" to the property; and (5) not mail, email or telephone the property's occupants or owner.

A preliminary injunction is appropriate where the moving party demonstrates "(1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) 'that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.'" Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510 (2d Cir. 2005), citing No Spray Coalition, Inc. v. City of New York, 252 F.3d 148, 150 (2d Cir. 2001) (per curiam). Injunctive relief is, however, "an extraordinary and drastic remedy,"

2

and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original omitted), quoting 11A C. Wright et al., Federal Practice and Procedure § 2948, pp. 129-30 (2d ed. 1995).

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Rodriguez ex rel. Rodriguez v. DeBuono, 175 F.3d 227, 233-34 (2d Cir. 1998) (internal quotation marks omitted), citing Bell & Howell: Mamiya Co. v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir. 1983). To meet this prerequisite, a plaintiff must show an injury that is both "actual and imminent" and "cannot be remedied by an award of monetary damages." Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995) (internal quotation marks omitted), citing Tucker v. Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989).

In reviewing plaintiff's request, the court is mindful that because plaintiff is proceeding pro se, her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980), quoting Haines v. Kerner, 404 U.S. 519, 520 (1972). See also McEachin v. McGuinness, 357 F.3d 197 (2d Cir. 2004).2 Pro se parties remain bound, however, by the relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). Accordingly, plaintiff must adequately establish each of the necessary elements before injunctive relief will issue.

Here, even assuming the truth of plaintiff's allegations as set forth in both her Complaint and Order to Show Cause, plaintiff has failed to meet her burden of demonstrating irreparable harm. First, with respect to her request to re-establish electric service at the premises, plaintiff

---

[2] In this action, plaintiff has filed an unverified Complaint with exhibits, and an Order to Show Cause supported by a sworn affidavit. In deciding the instant motion, the court relies on the facts as presented in all of plaintiff's moving papers.

3

acknowledges that 21 Howard Street is currently unoccupied. Plaintiff maintains her residence at another address, and her tenants vacated the premises at the time electric service was terminated. Although re-establishment of utility service is reportedly a prerequisite to making the premises habitable again as the contractors cannot make the necessary repairs without electricity, harm resulting from inability to repair or rent the property is compensable by an award of monetary damages. To the extent that plaintiff is incurring costs to provide alternative residential arrangements for the tenants, those costs are similarly compensable by a money damage award.

Further, plaintiff's request to enjoin what she claims are LIPA's harassing, threatening and otherwise improper collection activities is directed at conduct that occurred in the past. In her moving papers, plaintiff fails to allege any ongoing collection activity on the part of LIPA, instead detailing in her Complaint a list of actions allegedly taken by LIPA or its agents in 2006 and 2007, when the premises were occupied. As such, there is no imminent harm flowing from these acts. Moreover, past harms suffered by plaintiff as a result of any unlawful or harassing collection activities may be recompensed in plaintiff's suit for damages.

Because plaintiff has not met her burden of demonstrating irreparable harm, the court need not address the question of whether plaintiff has satisfied the second element required for granting a preliminary injunction. See Rodriguez, 175 F.3d at 234 ("[i]n the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied."); and Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must show irreparable harm "before other requirements for the issuance of an injunction will be considered").

For the reasons stated above, plaintiff's request for injunctive relief is denied. The court notes that LIPA has requested that the court dismiss the Complaint, or permit LIPA to file a motion to dismiss based on their moving papers. The court denies LIPA's motions at this time without prejudice to renew at a later date. This case is hereby referred to Magistrate Judge Bloom for supervision of all pretrial matters consistent with the Individual Motion Practices and Rules of Magistrate Judge Bloom and of this court.

SO ORDERED.

Dated: Brooklyn, New York
      March ??, 2008

                                      s/RRM
                                  ROSLYNN R. MAUSKOPF
                                  United States District Judge