UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EMMA GUNTER,

               Plaintiff,

                                        <u>ORDER</u>
     - against -                       08-CV-498 (RRM) (LB)

LONG ISLAND POWER
AUTHORITY/KEYSPAN,

               Defendant.
----------------------------------------------------------------X
MAUSKOPF, United States District Judge.

      By motion filed February 21, 2012, defendant Long Island Power Authority ("LIPA")

moved for summary judgment.  By order entered February 28, 2012, this Court referred that motion

to the assigned Magistrate Judge, the Honorable Lois Bloom.  On August 8, 2012, Judge Bloom

issued a Report and Recommendation ("R&R") recommending that defendant's motion be denied

and that plaintiff, Emma Gunter, be granted summary judgment on one of her claims. (Doc. No.

89.)  On August 29, 2012, LIPA filed timely objections.  (Doc. No. 92.)  Although Gunter did not

file objections with the Court, she served them on LIPA on August 29, 2012.[1]  LIPA provided the

Court a copy of Gunter's objections in its reply, timely filed on September 12, 2012.  (Doc. No. 93.)

Gunter also replied to LIPA's objections on September 12, 2012.  (Doc. No. 94.)  For the reasons

that follow and those in the R&R, the Court adopts in full Judge Bloom's recommendations.

      When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When

a party objects to an R&R, "the court is required to conduct a *de novo* review of the contested

---

[1] LIPA contends that it did not receive Gunter's objections until September 5, 2012, and reserves its
right to object to them as being untimely.  Because, as discussed below, the Court finds Gunter's
objections meritless, the Court will not address their timeliness or the fact that they were never
properly filed by Gunter with the Court.  In any event, Gunter appended them to her September 12,
2012 filing.

sections." *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  Objections must be specific and clearly aimed at particular findings in the magistrate's proposal.  *See Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992).  Where objections consist of "conclusory or general arguments, or simply reiterate[] the original arguments," or are merely an "attempt to engage the district court in rehashing of the same arguments set forth in the original petition," the Court reviews for clear error.  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).  The Court has reviewed *de novo* those portions of the R&R to which the parties have objected, and finds all objections to be without merit.

   A.  LIPA's Objections

   LIPA objects on three grounds.  First, LIPA argues that collateral estoppel should bar Gunter's claims because the administrative procedures offered by LIPA provided a full and fair opportunity to contest the administrative decision and were quasi-judicial in nature.  *See Long Island Lighting Co. v. Imo Indus. Inc.*, 6 F.3d 876, 885 (2d Cir. 1993) (explaining that proceedings must provide a full and fair opportunity to contest decisions and be quasi-judicial in nature for collateral estoppel to apply).  This objection simply reiterates the argument that LIPA made to Judge Bloom, and the Court finds no clear error in the R&R.  *See DiPilato*, 662 F. Supp. 2d at 339.

   Second, LIPA contends that Gunter failed to exhaust her administrative remedies.  To the extent that this objection simply reiterates the argument LIPA made to the Magistrate Judge, the Court finds no clear error in the R&R.  LIPA does, however, specifically contest Judge Bloom's conclusion that Gunter's failure to exhaust her administrative remedies may be excused because Gunter could not have been awarded monetary damages through the administrative process.  (*See* R&R at 9.)  According to LIPA, although it is not authorized to award the monetary damages that Gunter seeks through the administrative process, Gunter's failure to exhaust her administrative

2

remedies still disposes of her case.[2]  The Court disagrees.  "When an administrative agency lacks the authority to grant plaintiffs the complete relief they seek, the doctrine of exhaustion of administrative remedies is inapplicable."  *Statistical Phone Philly v. NYNEX Corp.*, 116 F. Supp. 2d 468, 480 (S.D.N.Y. 2000) (citing *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir. 1987)).  Accordingly, the Court finds no merit to LIPA's objection as to exhaustion.

Finally, LIPA objects to Judge Bloom's recommendation to grant *sua sponte* summary judgment in favor of Gunter on her claim under the notice provisions of the Equal Credit Opportunity Act ("ECOA"), 12 C.F.R. § 202.5(c) and (d)(1).  LIPA contends that its fourteen-day period to object to the R&R was an insufficient amount of time to present additional evidence in opposition to this recommendation.  Even assuming LIPA is entitled to present such evidence, LIPA's arguments are without merit.  On August 20 – on the eve of the expiration of the fourteen-day statutory period – LIPA requested a four-week extension because counsel had not yet finished reviewing the R&R with her client, and "was presently out of the office for at least one week because of illness."  (*See* Pugliese Ltr. August 20, 2012 (Doc. No. 91).)  Counsel mentioned neither the *sua sponte* grant of summary judgment nor the concomitant need to submit additional evidence in support of its objections.  Indeed, LIPA was granted an extension to file objections to the R&R – albeit not the four weeks it had requested − and had three weeks within which to submit its opposition.  Contrary to LIPA's assertion, the eighteen-page R&R was not particularly "extensive," *see id.*, and LIPA had ample time in which to submit materials in opposition to the *sua sponte* grant of summary judgment.  This is particularly so when LIPA itself has argued vigorously that *it* is entitled to summary judgment on this very claim, and has ostensibly laid bare its evidence in support of its own motion.

---

[2] LIPA does not assert that it *is* authorized to award monetary damages through its administrative process.

Indeed, in its objections, LIPA again maintains that even on the evidence already submitted, summary judgment should be granted in *its* favor on Gunter's ECOA notice claim.  LIPA contends that the undisputed record evidence shows that Gunter did not apply for power service until November 2008, at which point LIPA opened an account in her name.  LIPA also reads Gunter's objections as an admission that she did not apply for power service until November 2008.  In a previous R&R, however, Judge Bloom noted that Gunter attempted to open an account with LIPA long before November 2008.  (*See* Feb. 15, 2011 Report & Recommendation (Doc. No. 46) at 2.) Additionally, the Court does not read Gunter's objections to admit that she did not apply for power service until November 2008.  (*See* Pl.'s Obj. to R&R (Doc. 94) at ¶ 7.)  LIPA does not object to Judge Bloom's analysis that ECOA required LIPA to respond in writing to Gunter's application for power service and explain why her application was denied or was incomplete.  Therefore, it is inappropriate to grant summary judgment in favor of LIPA on Gunter's ECOA notice claim.

B.  Gunter's Objections

For the most part, Gunter attempts to re-argue matters that were decided by Judge Bloom in her February 15, 2011 R&R, which the Court adopted in full on March 29, 2011 (Order Adopting R&R (Doc. No. 57).)  She contends that Judge Bloom erred in her analysis on Gunter's equal protection, discrimination, and state-law claims.  The Court finds no merit to these objections because the issues raised in them have already been decided.  *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (requiring a court to adhere to its earlier rulings in later stages of litigation unless compelling reasons counsel otherwise).

Gunter next objects that LIPA's collateral estoppel argument fails because, at an administrative hearing allegedly held in December 2008, an administrative judge determined that Gunter did not have an account in arrears with LIPA.  The Court declines to address this objection because the R&R also rejects LIPA's collateral estoppel argument.

4

Finally, Gunter makes a number of new and unsupported claims against LIPA.  She contends that LIPA violated 18 U.S.C. § 1346 (honest services fraud), 18 U.S.C. § 1692 (RICO), and New York's Home Energy Fair Practices Act and Energy Consumer Protection Act.  She also makes unsubstantiated factual allegations.  The Court declines to address these claims and allegations.  *See Chalasani v. Daines*, No. 10-CV-1978, 2011 WL 4465408, at *1 n.3 (E.D.N.Y. Sept. 26, 2011) ("Generally, courts do not consider such 'new arguments' or new evidence 'raised in objections to a magistrate's report and recommendation that could have been raised before the magistrate but were not.'").

Accordingly, based upon a *de novo* review of all portions of the R&R to which LIPA and Gunter specifically object, and a review for clear error of the remainder of the R&R, the R&R is adopted in all material respects.

The Clerk of Court shall mail a copy of this Order to the plaintiff, and note the mailing on the docket.  This matter is recommitted to Magistrate Judge Bloom for resolution of all remaining pretrial orders, including preparation of a joint pretrial order, and any further settlement discussions.

SO ORDERED.

Dated: Brooklyn, New York
      September 14, 2012

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge