UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMMA GUNTER,

               Plaintiff,

   - against -

LONG ISLAND POWER
AUTHORITY/KEYSPAN,

               Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
08-CV-498 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On June 3, 2013, one week in advance of the final pre-trial conference scheduled before Magistrate Judge Bloom, defendant Long Island Lighting Company d/b/a/ LIPA ("LIPA") moved to dismiss this action for on two grounds: lack of plaintiff's standing and judicial estoppel. For the following reasons, the motion is DENIED.

The parties' familiarity with the facts of this case and the facts pertinent to this motion are presumed. To state the latter briefly: Gunter filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of New York in August 2007.[1] Gunter did not list, among the assets she listed in Schedule B (Personal Property) to the petition, any potential claim against LIPA – that arose in 2006 and 2007 and is the subject of this suit – as an asset. (*See* Sched. B (Doc. No. 142).) Gunter filed this action against LIPA in February 2008. After commencement, she did not amend her Schedule B to include this action as an asset. (*Id.*) Gunter's bankruptcy proceeding concluded in 2009 when the bankruptcy court issued a judgment denying a discharge of Gunter's debts. (Def.'s Mot. (Doc. No. 141) at 2.); *see also* Judgment in *In Re: Emma J. Fequiere*, No. 807-73360 (Bankr. E.D.N.Y. Feb. 12, 2009).

---

[1] LIPA asserts that Gunter filed her bankruptcy petition under the name Emma Fequiere. The Court assumes, for purposes of this motion, that Emma Fequiere and Emma Gunter are the same person.

LIPA now contends that any claim Gunter has against LIPA "became an asset of the debtor's estate, making the Chapter 7 trustee the party with standing to pursue the claim against LIPA, not Plaintiff." (*Id.* at 1.) LIPA further argues that judicial estoppel bars this action because Gunter never disclosed any potential action against LIPA in that proceeding. The Court addresses each argument in turn.

### A. Standing[2]

LIPA is correct that Gunter was required to amend her Schedule B list of assets after she commenced this lawsuit. *See Rosenshein v. Kleban*, 918 F. Supp. 98, 102 (S.D.N.Y. 1996) (explaining that when a debtor files for bankruptcy, she is required to disclose, in her list of assets, "all causes of action that can be brought by debtor"). LIPA is also correct that, after a discharge in bankruptcy proceeding, a debtor lacks standing to pursue a claim he or she failed to disclose in the bankruptcy proceeding. *Coffaro v. Crespo*, 721 F. Supp. 2d 141, 148 (E.D.N.Y. 2010). LIPA's argument fails, however, because Gunter's debt was never *discharged* in bankruptcy. In fact, the bankruptcy court explicitly denied any discharge of Gunter's debts. The bankruptcy court ruled, "Emma J. Fequiere shall be and hereby is denied any discharge in, due to, or through this bankruptcy case, and that as a result, the Debtor/Defendant Emma J. Fequiere shall remain fully liable to all creditors to whom she owed money . . . . ." Judgment in *In Re: Emma J. Fequiere*, No. 807-73360, at 3 (Bankr. E.D.N.Y. Feb. 12, 2009). The bankruptcy court denied the discharge of her debts in part because Gunter did not oppose the motion, or appear for any proceeding relating to, the trustee's motion for the same. *See id*. There being no bankruptcy trustee with standing to litigate the claim that is subject of this action, it cannot be that Gunter lacks standing to pursue her claims here. Accordingly, the Court finds that Gunter has standing.

---

[2] As Gunter's lack of standing would divest this Court of subject matter jurisdiction, LIPA may raise this defense at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B. Judicial Estoppel[3]

Courts in this circuit have invoked the doctrine of judicial estoppel "to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy." *Nyeneime Ibok v. Siac-Sector, Inc.*, 470 Fed. Appx. 27, 28 (2d Cir. 2012) (summary order). For judicial estoppel to apply, "the party against whom the estoppel is asserted" must have "argued an inconsistent position in a prior proceeding"; "the prior inconsistent position" must have been "adopted by the court in some manner; and the party asserting the two positions must derive an unfair advantage against the party seeking estoppel. *In re Adelphia Recovery Trust*, 634 F.3d 678, 695-96 (2d Cir. 2011) (citations and internal quotation marks omitted). Furthermore, courts in this Circuit "limit judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain." *Id.* at 696 (citations and internal quotation marks omitted). As such, "judicial estoppel may only apply where the earlier tribunal accepted the accuracy of the litigant's statements." *Id.*

While Gunter may have taken inconsistent positions in her bankruptcy proceeding and this action – indeed, in this she claims an asset in the form of a debt owed to her by LIPA, in the bankruptcy proceeding, she did not – there is no evidence that bankruptcy court "adopted" her position that she did not have a claim against LIPA. The point at which the bankruptcy court actually discharges a petitioner's debt is the point at which a bankruptcy court adopts a party's position before it. *Coffaro*, 721 F. Supp. 2d at 146. As discussed above, Gunter's debt was never discharged, and as such the bankruptcy court never "adopted" any position that Gunter advanced in her bankruptcy proceeding, whether that position was inconsistent or not. Furthermore, Gunter obtained no unfair advantage over LIPA or her creditors because the bankruptcy court never

---

[3] Although LIPA failed to raise the defense of judicial estoppel in any of its briefing on two motions for summary judgment, LIPA has not waived its right to prevent this defense. *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . at trial.").

3

discharged any of her debts.  Indeed, no action was taken on her estate in bankruptcy.  Accordingly, judicial estoppel does not bar this action.

For the foregoing reasons, LIPA's motion is DENIED.  The Clerk of Court shall mail a copy of this Order to the plaintiff, and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       March 26, 2014              _____
                                   ROSLYNN R. MAUSKOPF
                                   United States District Judge